# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSEPH T. BARFIELD, #175267, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 0:08-652-RBH-BD ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| GEORGE T. HAGAN Warden of Allendale Correctional Institution, | ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on February 22, 2008.[1]

The Respondent filed a return and motion for summary judgment on July 3, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 7, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On August 6, 2008, Petitioner filed his memorandum in opposition to summary judgment. This matter is now before the Court for disposition.[2]

___

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the
(continued...)



1

**Procedural History**

Petitioner was indicted in November 1990 in Florence County for murder and possession of a firearm during the commission of a violent crime [Indictment No. 90-GS-21-1141]. See Respondent's Exhibit 1. Petitioner was represented by Public Defender Ernest Hinnant, Esquire, and after a trial by jury from January 28, 1991 to January 29, 1991, was found guilty as charged.[3] See Respondent's Exhibit 2. Petitioner was sentenced to confinement for life on the murder charge. See Respondent's Exhibit 1. Respondent represents that the trial judge declined to sentence Petitioner on the possession charge given the life sentence already received.

Petitioner filed a timely appeal in which he was represented by Robert Dudek, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. After briefing by the parties, the South Carolina Supreme Court issued an opinion on June 5, 1992, in which it affirmed in part, reversed in part, and remanded for a hearing on a Batson[4] claim. State v. Barfield, Memo Op. No. 92-MO-151 (S.C. 1992). See Respondent's Exhibit 3.

The trial judge subsequently conducted a hearing on the Batson claim, and on June 18, 1992 (filed June 26, 1992), issued a Report in which he concluded the claim should be denied. See Respondent's Exhibit 4. A notice of appeal was filed, and on October 19, 2003, the South Carolina Supreme Court issued an opinion in which it vacated and remanded the issue again, because the hearing had been held prior to issuance of the remittitur, and thus the trial judge did not yet have

---

(...continued)
Court.

[3] Because the Respondent contends that the Petition is untimely, he has not attached any more than the cover page of the trial, post-trial, and PCR transcripts. See Respondent's Memorandum in Support of Summary Judgment, p. 2, n. 1.

[4] Batson v. Kentucky, 476 U.S. 79 (1986).



jurisdiction.  State v. Barfield, Memo Op. No. 93-MO-320 (S.C. 1993).  See Respondent's Exhibit 6.

A hearing was then held before a different state circuit judge than the original trial judge, who issued an order on June 7, 1994 in which he found no Batson violation.  See Respondent's Exhibit 7.  Again, a timely notice of appeal was filed, and on November 3, 1995, the South Carolina Supreme Court filed an opinion affirming the rejection of the Batson claim.  State v. Barfield, Memo Op. No. 95-MO-328 (S.C. Nov. 3, 1992).  See Respondent's Exhibit 8.  The Remittitur was sent down on November 21, 1995.  See Respondent's Exhibit 9.

On November 1, 1996, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court.  Barfield v. State of South Carolina, No. 1996-CP-21-1425.  Petitioner raised the following issues in his APCR:

    1.  Failure to Request to Change of Venue.

    2.  Failure to Request Blair Hearing.

    3.  Failure to Investigate a Defense.

    4.  Failure to Interview or Contact Material Witnesses.

    5.  Failure to Subpoena Material Witnesses.

    6.  Failure to Adequately Prepare for Trial.

    7.  Failure to Make Objections to Hearsay and Speculation.

    8.  Failure to Make a Closing Argument.

See Respondent's Exhibit 10.

Petitioner was represented in his APCR by Theresa Johns, Esquire, and an evidentiary hearing was held on Petitioner's application on October 7, 2002.  See Respondent's Exhibit 12.  The PCR judge

3



thereafter issued an order dated December 17, 2002, denying Petitioner's petition and dismissing the APCR with prejudice.   See Respondent's Exhibit 13.

Petitioner then filed a Petition for Writ of Certiorari.  Petitioner was represented on appeal by Robert Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[5] petition raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner failed to meet his burden of proof in regards to the ineffective assistance of counsel?

See Respondent's Exhibit 15.

Respondent represents that Petitioner also filed a pro se brief.  On June 23, 2004, the South Carolina Supreme Court denied the petition.  Barfield v. State, (S.C.Sup.Ct. filed June 23, 2004)   See Respondent's Exhibit 17.  The Remittitur was issued on July 9, 2004.   See Respondent's Exhibit 18.

On December 20, 2004, Petitioner filed a second APCR in state circuit court.  See Respondent's Exhibit 19.  Barfield v. State of South Carolina, No. 2004-CP-21-2272.  Petitioner raised the following issues in this Petition:

> 1.  Applicant was denied his right to due process under the Fourteenth Amendment in adjudication of his previous PCR action.
>
> 2.  Applicant was denied effective assistance of counsel as guaranteed by the Sixth Amendment.
>
> 3.  Applicant was denied effective assistance of appellate counsel as guaranteed by the Fourteenth Amendment.
>
> 4. Applicant was denied his right to present favorable evidence as guaranteed by the Compulsory Process clause of the Sixth Amendment and the Fourteenth Amendment.

---

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

4



See Respondent's Exhibit 19.

On May 16, 2007, an order was entered giving Petitioner twenty (20) days to show cause why his second APCR should not be dismissed as violative of the bar against successive PCR applications and the state PCR statute of limitations. See Respondent's Exhibit 21. Petitioner filed a pro se Response to the Conditional Order in which he contended the state PCR statute of limitations should not apply as his claims were in existence prior to the effective date of the legislation enacting the limitations period. See Respondent's Exhibit 22. On August 13, 2007, the PCR judge issued an Order of Dismissal in which he rejected Petitioner's contention and finding the second APCR barred by the state PCR statute of limitations as well as the bar against successive applications. See Respondent's Exhibit 23.

Petitioner filed a notice of appeal and an "explanation" addressing Rule 227(c), SCACR. See Respondent's Exhibits 24 and 25. However, on October 3, 2007, the South Carolina Supreme Court issued an order finding that Petitioner had failed to show an arguable basis for asserting that the determination by the lower court was improper, and dismissing his appeal. See Respondent's Exhibit 26. The Remittitur was then issued on October 19, 2007. See Respondent's Exhibit 27.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** The trial court erred in considering information from third parties to support the solicitor's striking of minority jurors thereby violating Petitioner's right to a fair trial.
>
> **Ground Two:** The trial court erred and violated Petitioner's right to due process where the court refused to instruct the jury on the defense of accident based on self-defense.

5



**Ground Three:** Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to adequately object to the State's use of juror background information during the Batson hearing which was not known to the prosecution at the time of trial.

**Ground Four**: Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to request a King charge during re-charge to the jury on the jury's resolution of reasonable doubt.

**Ground Five:** Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to object to the solicitor's closing argument.

**Ground Six**: Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to investigate and present witnesses whose testimony would have supported the defense raised.

**Ground Seven:** The Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to adequately prepare a defense to the charge.

**Ground Eight**: Petitioner was denied his 6th Amendment right to effective [assistance] of counsel where counsel was under the influence during trial.

See Petition, pp. 6-12d.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal



construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent contends in his motion, <u>inter alia</u>, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[6] and runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Since Petitioner's conviction became final before the AEDPA was enacted,[7] he had

---

[6] Antiterrorism and Effective Death Penalty Act of 1996.

[7] Petitioner's state court convictions became final on February 19, 1996, ninety days after November 21, 1995. <u>See</u> <u>e.g.</u>, <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) [direct review (continued...)

7



one year after the AEDPA's effective date of April 24, 1996 to timely file his petition. See Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003); Hernandez v. Caldwell, 225 F.3d 438-439 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). However, by the time Petitioner filed his first APCR on November 1, 1996, one hundred and ninety (190) days had passed from when the AEDPA was enacted and had become final, which time period counts against his one year limitations period. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until July 9, 2004, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); *cf.* Harris v. Hutchinson, 209 F.3d 325 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

Thereafter, one hundred and sixty-three (163) days of additional non-tolled time accrued between the dismissal of Petitioner's first APCR on July 9, 2004, and the filing of his second APCR on December 20, 2004. Even assuming arguendo[8] that the limitations period was thereafter

---

[7](...continued)
concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].

[8]Petitioner's second PCR petition was dismissed on the grounds that it was both successive and untimely. Because this APCR was found to be untimely, it does not appear to have tolled the running of the limitations period, because it would not be deemed a "properly filed"
(continued...)



tolled during the pendency of Petitioner's second APCR, it would only have been tolled until no later than October 19, 2007, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari.  See eg Ott v. Johnson, supra; Harris v. Hutchinson, supra; Mays, 2000 WL 538131 at *1; Drafts v. Maynard, supra.   By the time this federal petition was then filed on February 22, 2008, an additional one hundred and twenty-five (125) days of additional non-tolled time had accrued since the final disposition of Petitioner's second APCR.  When the pre- and post- PCR time periods are added, four hundred and seventy-eight (478) days of non-tolled time passed from when Petitioner's period of limitations started to run on April 24, 1996, and the filing of this federal petition. Therefore, this Petition was not timely filed under the AEDPA, and is subject to dismissal on that basis.

        Petitioner argues, however, that he is entitled to equitable tolling of the limitations period. The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling; see Rouse, 314 F.3d at 704 (citing Harris, 209 F.3d at 330); and    Petitioner contends that he is entitled to equitable tolling because 1) he did not receive notice from the South Carolina Supreme Court that his direct appeal had been finally decided and he was awaiting collateral counsel's filing of his first state PCR action; 2) his second APCR should toll the statute because it

---

[8](...continued)
petition. *Cf.* Pace v. DiGuglielmo, 545 U.S. 408 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also *cf.* Wilson v. Crosby, No. 03-566, 2006 WL 3219602 (N.D.Fla. Nov. 3, 2006)["Finally, a state post-conviction motion that was denied as successive was 'properly filed' for AEDPA tolling purposes."](citing Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001)); McMillian v. Carochi, 198 Fed.Appx. 766 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"]. Nevertheless, for purposes of summary judgment, the undersigned has given Petitioner credit for this time period.

9



was properly filed; and 3) his second APCR should also toll the statute because he was attempting to exhaust remedies on claims for which he did not receive a full and fair disposition in his first state PCR action. See Petitioner's Memorandum in Opposition, p. 3. However, the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Further, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Here, even assuming that there was a delay prior to the filing of Petitioner's first APCR, there were still one hundred and seventy-one (171) days remaining for Petitioner to timely file his federal petition after his first APCR was dismissed. Additionally, even assuming further that Petitioner's second APCR tolled the running of the statute, he still had time remaining to timely file his federal habeas petition after the dismissal of his second APCR - he just did not do so. Therefore, Petitioner has not shown that any "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Rather, Petitioner simply failed to timely file this federal petition. Accordingly, Petitioner is not entitled to any equitable relief. and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not



establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 27, 2008

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

