UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joseph T. Barfield, | ) | C/A No. 9:08-00652-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| George T. Hagan, Warden of | ) | |
| Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Joseph T. Barfield, is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Allendale Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The *Houston v. Lack*[1] delivery date for the petition is February 22, 2008.

**PROCEDURAL HISTORY**

Petitioner was indicted in Florence County for murder and possession of a firearm during the commission of a violent crime in November of 1990. Petitioner pleaded not guilty to the charges and a trial was held from January 28, 1991 to January 29, 1991 before Judge Edward Cottingham and a jury in the Court of General Sessions for Florence County, South Carolina. Judge Cottingham sentenced the petitioner to life for murder and declined to sentence him for the possession charge. Petitioner filed an appeal from his conviction and sentence. The South Carolina Supreme Court

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

1

affirmed in part and remanded the case for a *Batson*[2] hearing.[3] *State v. Barfield*, Mem. Op. No. 92-MO-151 (S.C. 1992). Judge Cottingham conducted a hearing on the *Batson* claim and concluded that it should be denied. Petitioner appealed from this ruling, and the South Carolina Supreme Court vacated and remanded the issue for a second time, since the hearing was held before the issuance of the remittitur. *State v. Barfield*, Mem. Op. No. 93-MO-320 (S.C. 1993). Judge Ralph King Anderson was directed by the Supreme Court to hold a *Batson* hearing. Judge Anderson held a hearing and issued an order finding no *Batson* violation. Petitioner appealed from this ruling, represented by the Office of Appellate Defense, and the Supreme Court issued an opinion affirming Judge Anderson's Order. *State v. Barfield*, Mem. Op. 95-MO-328 (S.C. 1992). The remittitur came down on November 21, 1995.

On November 1, 1996, the petitioner, through counsel, filed an application for post-conviction relief ("PCR") in state circuit court. A hearing was held on October 7, 2002 before Circuit Judge James G. Brogdon, Jr. Judge Brogdon issued an Order on December 17, 2002 denying the application on its merits.

Petitioner's counsel filed a Petition for Writ of Certiorari with the South Carolina Supreme Court on January 10, 2003, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). Petitioner was represented on appeal by the Office of Appellate Defense. On June 23, 2004, the Supreme Court denied the Petition for Certiorari. The remittitur was issued on July 9, 2004.

---

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[3] Petitioner's trial attorney objected at trial to the solicitor using all of his peremptory challenges to strike black veniremen. The trial judge refused to hold a Batson hearing on the basis that Petitioner was a caucasion. The case was remanded on the basis of *Powers v. Ohio*, 499 U.S. 400 (1991), which held that a criminal defendant may object to race-based peremptory challenges even though the defendant and the excluded veniremen are of the same race.

2

Petitioner filed a second petition for PCR on December 20, 2004. The second PCR was dismissed on August 13, 2007 by Circuit Judge Thomas A. Russo, on the basis that the application was successive and untimely under the Uniform Post-Conviction Relief Act, S.C. Code Ann. §17-27-45(A).[4] *See also*, S.C. Code Ann. §17-27-90. ("All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application."). Petitioner appealed from the order dismissing the second PCR on September 18, 2007. The Supreme Court dismissed the appeal on October 3, 2007, on the grounds that Petitioner failed to show an arguable good faith basis for the appeal. The remittitur came down on October 19, 2007.

As noted hereinabove, this petition for habeas corpus was filed on February 22, 2008. The respondents filed a return and motion for summary judgment on July 3, 2008. A *Roseboro* Order was entered on July 7, 2008, advising the petitioner of the consequences if he failed to respond within 34 days. The petitioner filed a brief in opposition to summary judgment on August 6, 2008.

The Magistrate Judge issued a report and recommendation on August 27, 2008 recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed as untimely based on the statute of limitations of AEDPA, 28 U.S.C. § 2244(d). On September 9, 2008, the petitioner filed objections to the Report.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes

---

[4] S.C. Code Ann. § 17-27-45(A) provides: "An application for relief filed pursuant to this chapter must be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." Exceptions contained in subsections (B) and (C) of the statute to this time limit (which are not applicable in the case at bar) apply when a new substantive constitutional right is recognized or when new material facts are discovered.

before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant filed August 27, 2008. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>    (D) the date on which the factual predicate of the claim or claims presented could
>    have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other
>    collateral review with respect to the pertinent judgment or claim is pending shall not be
>    counted toward any period of limitation under this subsection.

In the case at bar, there is no allegation by the petitioner that "an impediment" existed under state law which violated the Constitution and which prevented the petitioner from filing this action under subsection (B) of the Act. There has also been no allegation that the case involves a new right recognized by the Supreme Court under (C) or that the factual predicate for the claim was only recently discovered under (D). Since Petitioner's conviction became final before AEDPA was enacted, he had one year after the effective date of AEDPA of April 24, 1996 to file his petition. The Magistrate Judge found that the petition was untimely on the basis of the following: At the time the petitioner filed his first PCR application, 190 days had passed after the effective date of AEDPA, April 24, 1996. He found that the time taken by the first PCR should not be counted. The tolled time during the first PCR expired on July 9, 2004. Then, 163 days of untolled time passed between the dismissal of the appeal relating to the first PCR and the filing of the second PCR. The Magistrate Judge found that, "even assuming *arguendo* that the limitations period was thereafter tolled during the pendency of Petitioner's second APCR, it would only have been tolled until no later than October 19, 2007, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari." An additional 125 days of untolled time passed before he actually filed his habeas petition.

The Magistrate Judge also recommended a finding that the statutory deadline should not be equitably tolled.

Petitioner asserts in his objections that he has shown extraordinary circumstances for equitable

5

tolling through "the failure of the state Supreme Court to notify him on the dismissal of his appeal" which " prevented him from obtaining knowledge that both his state PCR and federal habeas limitation periods were running." He also argues that he "was not unreasonably dilatory in filing his second state PCR 163 days after final decision of his first PCR, and filing the present action 126 days after final decision of his second PCR." The Court disagrees.

First, although Petitioner contends that he did not receive copies of the Supreme Court's decision in his direct appeal until 2004, he actually filed his first PCR on November 1, 1996. Therefore, he obviously received notice of the Supreme Court's opinion a long time prior to 2004. In addition, as noted by the Magistrate Judge, even though significant time had passed between the end of the direct appeal and the filing of the first PCR, after the state court judge dismissed the first PCR one hundred seventy-one (171) days still remained during which he could have filed his habeas action. Instead, he filed a second PCR action. In addition, even if the second PCR tolled the running of the statute, the petitioner still had time to file a timely habeas action at the time the second PCR was dismissed.[5]

In order to obtain equitable tolling, the petitioner must show that he pursued his rights diligently and that some "extraordinary circumstance" beyond his control preventing him from filing on time. *See Harris v. Hutchison*, 209 F.3d 325 (4th Cir.2000).[6]  The petitioner has made no such showing in the

---

[5] "When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." *Pace   v. DiGuglielmo*, 544 U.S. 408 (2005), holding that a habeas petitioner's state PCR petition which was determined by the state court to be untimely under a state statute of limitations was not "properly filed" under AEDPA. *See also, Artuz v. Bennett*, 531 U.S. 4 (2005).

[6] "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notion of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to

case at bar.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

November 18, 2008
Florence, South Carolina

---

circumstances external to the party's own conduct-it would unconscionable to enforce the limitation period against the party and gross injustice would result." *Hutchinson*, 209 F.3d at 330.